ANDREA T. MARTINEZ, United States Attorney (#9313)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: Michael.Gadd@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LEODEGARIO BATALLA-LANDA, AND<br>CRISANTOS BATALLA,<br><br>Defendants. | Case No. 2:22mj117-DAO<br><br>COMPLAINT<br><br>Judge Daphne A. Oberg |

Before the Honorable Daphne A. Oberg, United States Magistrate Judge for the District of Utah, appeared the undersigned, who on oath deposes and says:

**<u>COUNT 1</u>**
**21 U.S.C. § 841(a)(1)**
(Possession of a Controlled Substance with Intent to Distribute)

On or about February 21, 2022, in the District of Utah,

LEODEGARIO BATALLA-LANDA, AND
CRISANTOS BATALLA,

defendants herein, did knowingly and intentionally possess with intent to distribute five hundred grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812; and did aid and abet therein, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).

**COUNT 2**
**18 U.S.C. § 922(g)(3)**
(Possession of a Weapon by a Prohibited Person)

On or about February 21, 2022, in the District of Utah,

CRISANTOS BATALLA,

the defendant herein, knowing that he was an unlawful user of a controlled substance as defined in 21 U.S.C. § 802, did knowingly possess a firearm, specifically, a Glock model 23 pistol and an Anderson Manufacturing AM-15 rifle, said firearm having been shipped and transported in interstate commerce, all in violation of 18 U.S.C. § 922(g)(3) and 924(a)(2).

This complaint is made on the basis of investigation consisting of the following:

1. I, Eric Breyer, am a Special Agent with the Drug Enforcement Administration. I have been employed in this capacity since March 1999. I have received extensive training and have Title 21 authority to investigate and enforce violations of the Controlled Substance Act and the Controlled Substances Import and Export Act. I have over 22 years of law enforcement experience as an Investigator with DEA, where I have participated in many investigations relating to violations of Title 21 United States Code §

841(a)(1), Distribution and Possession with Intent to Distribute a Controlled Substance, among other, related offenses.

2. On February 21, 2022, DEA agents and task force officers from the DEA Salt Lake City Metro Narcotics Task Force executed a search warrant at the defendants' residence in West Jordan, Utah.

3. The warrant was based upon probable cause that the defendants were distributing drugs and collecting drug proceeds.

4. When agents entered the home, agents detained the defendants and two other adult roommates, one of whom—a female—was caring for an infant. The male subjects were all moved outside the home; the infant and female subject were allowed to remain inside the home during the search.

5. While a DEA Special Agent stood beside the male subjects outside the home, the agent heard Leodegario tell Crisantos in Spanish on approximately three occasions to take the blame for the stuff the agents find and not to blame it on Leodegario or anyone at the house. Crisantos agreed.

6. In their search, agents found the following in the basement video game room, where Crisantos indicated he had been playing video games.

   a. A bong, a rolled dollar bill with residue, and suspected THC extract, as pictured below.





7. In the basement common area on a closet shelf, agents found the following:

a. A clear bag with 278 gross grams[1] of suspected marijuana, as shown below:




1 Gross grams include packaging weight. All drugs with weights reported also field tested positive for their respective controlled substances.

b. a grey backpack containing a clear bag with 648 gross grams of cocaine, a taped brick of 571 gross grams of cocaine, and a small digital scale, as shown below:



c. I know based upon my training and experience that 571 and 648 gross grams of cocaine are distribution quantities, not personal use quantities.

8. In Crisantos' bedroom, agents found the following:

a. A small digital scale on a shelf, on top of which rested a clear plastic bag with 38 gross grams of cocaine, pictured here:



b. Beside the scale was a second clear bag with a white powder, suspected to contain a cutting agent. That second bag also contained a spoon, as shown below:



c. On the shelf, agents also discovered a knife with residue on the tip.



d. On a nightstand beside the bed, agents seized an unloaded Glock model 23 pistol.



e. In a fanny pack on the floor, agents found small amounts of what appeared to be THC. Agents also saw what appeared to be the ends of marijuana cigarettes (commonly known as roaches) in the trash can.





f. Under the bed, agents found a loaded AR-pattern rifle. The magazine was loaded and inserted into the rifle. The rifle contained a round in the chamber.





9. I have been informed that neither firearm was manufactured solely in Utah and that both firearms must have travelled in interstate commerce after their manufacture.

10. In Leodegario's bedroom, agents found the following:

a. Throughout the room, agents found numerous fraudulent identification cards bearing Leodegario's image but various names and identifiers.









b. Underneath an infant changing table, agents located multiple bundles of US currency bound by rubber bands. The currency included large and small denominations.



11. Both defendants were interviewed.

12. Crisantos was advised of his rights and agreed to speak with investigators. Crisantos told the investigators that the drugs in his room and in the basement closet were his drugs.

13. Crisantos claimed possession of the firearms in his room.

14. Crisantos claimed his was a drug user.

15. Leodegario invoked his Fifth Amendment rights and the interview was terminated.

16. I have been informed that the elements of the crimes alleged herein are as follows:

a. Possession of a Controlled Substance with Intent to Distribute

First: the defendant knowingly or intentionally possessed a controlled substance as charged;

Second: the substance was in fact Cocaine;

Third: the defendant possessed the substance with the intent to distribute it; and

Fourth: the amount of the controlled substance possessed by the defendant was at least 500 grams of a mixture or substance containing a detectable amount of Cocaine.

b. Possession of a Weapon by a Prohibited Person

First: the defendant knowingly possessed a firearm;

Second: the defendant was an unlawful user of a controlled substance, and knew he was an unlawful user of a controlled substance, when he possessed the firearm; and

Third: before the defendant possessed the firearm, the firearm had moved at some time from one state to another.

Based on the foregoing information, your affiant respectfully requests that warrants of arrest be issued for LEODEGARIO BATALLA-LANDA and CRISANTOS BATALLA for violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(3).

/s/ Eric Breyer

Affiant, Special Agent Eric Breyer

SUBSCRIBED AND SWORN to before me this 23rd day of February, 2022.

Daphne A. Oberg

Daphne A. Oberg
United States Magistrate Judge

APPROVED:

ANDREA T. MARTINEZ
United States Attorney

/s/ MIchael Gadd

MICHAEL GADD
Special Assistant United States Attorney