ANDREA T. MARTINEZ, United States Attorney (#9313)
MICHAEL GADD, Special Assistant United States Attorney (# 13704)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEODEGARIO BATALLA-LANDA, AND<br>CRISANTOS BATALLA,<br><br>Defendants. | **UNITED STATES' POSITION REGARDING DETENTION**<br><br>Case No. 2:22-mj-117-DAO |

☐ The United States is not seeking detention.

☐ Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒ The United States moves for detention based on current information. The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☐ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

- ☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C.

§ 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☒ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☒ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☒ **(A)** a serious risk the defendant will flee; **or**

☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

**Procedure**

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id.* The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id.* The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id.*; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☒ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; ***and***

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☒ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☒ The defendant's lack of legal status in the United States. The defendant's legal status is:

☒ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☒ The defendant's significant family or other ties outside of the United States.

☒ The defendant's use of aliases or false documents.

☐ The defendant's prior attempts to evade law enforcement.

☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐ The defendant's prior failures to appear for court proceedings.

Here is a brief summary of the case, which helps to explain why neither defendant should be released on conditions.

**Short statement of the case**

On February 21, 2022, DEA agents and task force officers from the DEA Salt Lake City Metro Narcotics Task Force executed a search warrant at the defendants' residence in West Jordan, Utah.

The warrant was based upon probable cause that the defendants were distributing drugs and collecting drug proceeds.

When agents entered the home, agents detained the defendants and two other adult roommates, one of whom—a female—was caring for an infant. The male subjects were all moved outside the home; the infant and female subject were allowed to remain inside the home during the search.

While a DEA Special Agent stood beside the male subjects outside the home, the agent heard Leodegario tell Crisantos in Spanish on approximately three occasions to take the blame for the stuff the agents find and not to blame it on Leodegario or anyone at the house. Crisantos agreed.

**Basement Common Areas**

In their search, agents found the following in the basement video game room, where Crisantos indicated he had been playing video games: a bong, a rolled dollar bill with residue, and suspected THC extract, as pictured below.





In the basement common area on a closet shelf, agents found a clear bag with 278 gross grams[1] of suspected marijuana, as shown on the next page:

[1] Gross grams include packaging weight. All drugs with weights reported also field tested positive for their respective controlled substances.




On the shelf, agents also found a grey backpack containing a clear bag with 648 gross grams of cocaine, a taped brick of 571 gross grams of cocaine, and a small digital scale, as shown below:



**Crisantos' Bedroom**

In Crisantos' bedroom, agents found a small digital scale on a shelf, on top of which rested a clear plastic bag with 38 gross grams of cocaine, pictured here:



Beside the scale was a second clear bag with a white powder, suspected to contain a cutting agent. That second bag also contained a spoon, as shown below:



On the shelf, agents also discovered a knife with residue on the tip.



On a nightstand beside the bed, agents seized an unloaded Glock model 23 pistol.



In a fanny pack on the floor, agents found small amounts of what appeared to be THC. Agents also saw what appeared to be the ends of marijuana cigarettes (commonly known as roaches) in the trash can.





Under the bed, agents found a loaded AR-pattern rifle. The magazine was loaded and inserted into the rifle. The rifle contained a round in the chamber.





**Leodegario's Bedroom**

In Leodegario's bedroom, agents found numerous fraudulent identification cards bearing Leodegario's image but various names and identifiers.








Underneath an infant changing table, agents located multiple bundles of US currency bound by rubber bands. The currency included large and small denominations.



**Post-Arrest Interviews**

Both defendants were interviewed. Crisantos was advised of his rights and agreed to speak with investigators. Crisantos told the investigators that the drugs in his room and in the basement closet were his drugs.

Crisantos claimed possession of the firearms in his room. Crisantos claimed he was a drug user.

Leodegario invoked his Fifth Amendment rights; the interview was terminated.

**ICE Records**

The undersigned prosecutor was informed that an ICE detainer has been placed upon Leodegario Batalla-Landa at the jail. A copy of that detainer will be emailed to his counsel and the Court. ICE records further explained that Leodegario Batalla-Landa was convicted in 2012 in the District of Kansas for Interstate Travel in Aid of Racketeering and sentenced to serve 60 months' imprisonment (case number 6:11cr10273).

**Victim Notification**

☐ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

The position of the victim(s) on the detention of the defendant is: n/a

☐ The victim(s) in this matter seek(s) a no contact order.

☒ This matter does not involve a victim requiring notification.

DATED this 1st day of March, 2022.

*/s/ Michael Gadd*
MICHAEL GADD
Special Assistant United States Attorney